IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

| | |
|---|---|
| **GARY D. WALLS & LAURA C. WALLS,** Debtors. | **CASE NO. 19-51191-KMS** **CHAPTER 7** |
| **KIMBERLY R. LENTZ,** as Chapter 7 Trustee for The Bankruptcy Estate of Gary D. Walls & Laura C. Walls, Debtors | **PLAINTIFF** |
| V. | **ADV. PROC. NO. 19-06038-KMS** |
| **NATIONAL DEBT RELIEF, LLC** | **DEFENDANT** |

## MOTION TO WITHDRAW REFERENCE

COMES NOW, Defendant National Debt Relief, LLC ("NDR"), and files this its Motion to Withdraw Reference, and in support thereof would show unto the Court the following, to-wit:

1. NDR is a debt settlement provider governed by the Federal Trade Commission's Telemarketing Sales Rule ("TSR"). *See* 16 C.F.R. § 310.1, *et seq*. Among other things, the TSR requires debt settlement providers to notify consumers "that the use of the debt relief service will likely adversely affect the customer's creditworthiness." *See* 16 C.F.R. § 310.3(a)(1)(viii)(C).

2. The Debtor executed a Debt Negotiation Agreement ("DNA") with NDR on December 5, 2018. *See* Docket No. 5-1. The DNA advised the Debtor that participation in the debt settlement program might have a "potential adverse impact

on [her] credit rating." *See* Docket No. 5-1 at 2. The DNA also included a broad arbitration agreement. *See* Docket No. 5-1 at 5-6.

3. Six months later the Debtor and her husband filed a voluntary Chapter 7 petition on June 20, 2019. *See* Case No. 19-51191. The Trustee then filed this adversary proceeding against NDR on September 12, 2019. *See* Docket No. 1. She alleged that NDR was both a "debt relief" and "credit repair" provider. *See* Docket No. 1 at 1 (¶ 4). The Complaint raised bankruptcy claims for turnover, fraudulent transfers and accounting. *See* Docket No. 1 at 8-9. It also asserted non-bankruptcy federal claims for violations of CROA, and demanded damages for "stress, worry, embarrassment and emotional distress" allegedly sustained by the Debtor. *See* Docket No. 1 at 7 & 10-13. The Trustee demanded an unspecified amount in actual and punitive damages, attorney's fees and equitable relief. *See* Docket No. 1 at 13-14 (¶ 83).

4. On October 15, 2019, NDR filed an Answer and Affirmative Defenses. *See* Docket No. 5. It expressly reserved its right to a jury trial. *See* Docket No. 5 at 16. NDR did not consent to the entry of final judgments or orders by the bankruptcy court relating to any non-core claims. *See* Docket No. 5 at 2. It also filed on Motion for Judgment on the Pleadings or to Compel Arbitration. *See* Docket Nos. 6 & 7.

5. The requirements for both mandatory or permissive withdrawal of the reference to the bankruptcy court are present in this action. *See* 28 U.S.C. § 157(d).

6. In support of the instant Motion, NDR relies upon its supporting Memorandum being filed herewith, the Complaint, its Answer and Affirmative Defenses, the Motion for Judgment on the Pleadings or to Compel Arbitration, and Memorandum in Support of Motion for Judgment on the Pleadings or to Compel Arbitration. *See* Docket Nos. 1, 5, 6 & 7.

WHEREFORE PREMISES CONSIDERED, NDR plans that the reference in this action be withdrawn. NDR further prays for general relief.

Respectfully submitted, the 15th day of October, 2019.

/s/ Mark H. Tyson
Mark H. Tyson (MS Bar #9893)
Counsel for *National Debt Relief, LLC*

**OF COUNSEL:**
BURR & FORMAN, LLP
The Pinnacle at Jackson Place
190 East Capitol Street, Suite M-100
Jackson, Mississippi 39201
Telephone: (601) 355-3434
Facsimile: (601) 355-5150
mtyson@burr.com

## CERTIFICATE OF SERVICE

I hereby certify that the foregoing document has been served on the following by Notice of Electronic Filing on this, the 15th day of October, 2019:

Jason Graeber, Esq.
Graeber Law Firm, PLLC
2496 Pass Rd.
Biloxi, MS 39531
jason@jasongraeberlaw.com

Chadwick M. Welch
Watson Heidelberg PLLC
2829 Lakeland Drive, Suite 1502
Flowood, MS 39232
cwelch@whjpllc.com

/s/ Mark H. Tyson
OF COUNSEL